PHILLIP G. CLINE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cline v. Commissioner
Docket No. 11835-88.
United States Tax Court
T.C. Memo 1989-316; 1989 Tax Ct. Memo LEXIS 316; 57 T.C.M. (CCH) 821; T.C.M. (RIA) 89316; June 27, 1989. Phillip G. Cline, Sr., pro se. Douglas S. Polsky, for the respondent PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined deficiencies in and additions to income taxes for petitioner as follows: Additions to Tax
Year
Deficiency
§ 6653(a)(1) [1]
§ 6653(a)(2)
§ 6661
1982
$ 13,123
$ 656.15 *
$ 3,280.75
1983
11,509
575.45 *
2,877.25
1984
13,875
693.75 *
3,468.75
The issues raised in the notice of deficiency are as follows: (1) Whether and to what extent petitioner is entitled to deduct meal expenses while away from *317 home; (2) whether petitioner's farming activity was entered into for profit; (3) whether petitioner is liable for additions to tax for a substantial understatement of liability under section 6661; and (4) whether petitioner is liable for an addition to tax for negligence. After the trial began, the parties settled all issues except the negligence additions. The settlement reflected mutual concessions on issue one. Respondent conceded that petitioner had an actual and honest objective of making a profit from his farming activity and petitioner conceded certain individual items relating to losses claimed on his returns. Respondent conceded petitioner is not liable for an addition to tax for a substantial understatement of liability under section 6661. The only issue remaining for decision is the negligence addition. Some of the facts have been stipulated and are adopted and made a part of the record. Petitioner's legal residence was McLouth, Kansas, when he filed his petition with this Court. Petitioner's income tax returns for 1982, 1983, and 1984 were timely filed. During the years in issue, petitioner was a full time employee of the Santa Fe Railroad and a small farmer. *318 He raised sheep, cattle, dogs, and chickens during the years in issue. Petitioner has a high school education. He has never had any courses in accounting or bookkeeping. During the years in issue he used paid tax return preparers. He kept his receipts and other records in manila envelopes which were fastened to the wall. There were separate envelopes for different categories of expenses. At the end of each year he totaled up the receipts by category and took them to a tax service for preparation of his income tax returns. During the years in issue petitioner was undergoing serious personal and financial difficulties. He was working full-time as a railroad employee and struggling to keep his farm afloat. We believe he intended to keep accurate records and to file accurate returns. However, he acknowledged at trial -- after he hired an accountant for trial preparation -- that he had mistakenly overstated farm losses in the amounts of $ 12,574 for 1982, $ 15,411 for 1983, and $ 9,679 for 1984. While these amounts are significantly less than those determined by respondent, they are not small. We recognize that at trial petitioner conservatively claimed only those expenses *319 which were supported by a cancelled check or other appropriate documentation and that he undoubtedly did incur other expenses. Nevertheless, we think the size and recurrence of petitioner's mistakes indicates a lack of care on his part. We therefore reluctantly hold that petitioner is liable for additions to tax for negligence under section 6653(a)(1) and an additional amount, under section 6653(a)(2), equal to 50 percent of the interest payable on the portion of the deficiency attributable to the overstated farm losses. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue, except as otherwise noted. * 50 percent of interest due on full deficiencies.↩